**In the Matter of SANDERS TOOL SUPPLY, INC., Debtor.**

**Bankruptcy No. 86–1255.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 7, 1987.

George Hadley, Trustee.

Jary C. Nixon, Tampa, Fla., for trustee.

Margaret M. Sestak, Tampa, Fla., for Barnett Bank of Tampa.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM # 7 OF BARNETT BANK

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is the Trustee's Objection to Claim # 7 of Barnett Bank (Barnett) filed by Jary C. Nixon, the Trustee (Trustee) in the above-captioned Chapter 7 case. The claim of Barnett is in the nature of a deficiency claim after the liquidation of its collateral. It is the Trustee's contention that since he did not receive notice of the sale of the collateral, Barnett failed to comply with the applicable provisions of the Uniform Commercial Code dealing with disposition of collateral, and therefore, it is not entitled to assert a claim for deficiency by virtue of *Fla.Stat.* §§ 679.105 and 679.504 (1987). In addition, the Trustee contends that in the event the claim is untimely, it can only be allowed as a tardy claim entitled to distribution only after full payment of all timely filed claims. The Court has considered the Objection together with the record, heard arguments of counsel, and finds that the facts relevant to the matter under consideration as they appear from the record are as follows:

On April 4, 1986, Sanders Tool Supply, Inc. (Debtor) filed a Chapter 7 Petition. Barnett filed a proof of claim # 4 on July 30, 1986, in the amount of $5,791.40. Claim # 4 was filed as a secured claim. On August 26, 1986, the Trustee filed an Objection to Claim # 4 of Barnett. After a hearing on January 29, 1987, this Court entered an Order which overruled the Objection and allowed Claim # 4 as secured providing, however, that Barnett shall not receive any distribution by virtue of § 726 of the Bankruptcy Code.

On June 12, 1986, the Trustee filed a Notice and Report of Trustee's Intention to Abandon Property, specifically a 1984 Ford Tempo, the collateral which secured Barnett's Claim # 4. On August 6, 1986, Barnett filed a Motion to Lift Automatic Stay and Request for Adequate Protection. On August 28, 1986, this Court entered an Order Granting Barnett's Motion to Lift Automatic Stay. The last sentence of Order Paragraph # 2 provided that "Barnett Bank may file its claim for any deficiency remaining."

Barnett sold the 1984 Ford Tempo. And on December 11, 1986, filed Claim # 7 in the amount of $2,400.03 based on the alleged deficiency. The claim was filed as unsecured. This is the claim challenged by the Trustee presently under consideration. On January 13, 1987, Barnett filed a Response to Trustee's Objection to Claim # 7 and alleges that Claim # 7 amended Claim # 4 and was timely filed. In addition, Barnett contends that since the Trustee abandoned the 1984 Ford Tempo, the Trustee no longer has any interest in the vehicle and, therefore, Barnett was not required to give notice of the sale of the vehicle to the Trustee under *Fla.Stat.* §§ 679.105 and 679.504 (1987).

The right of a secured creditor to assert a deficiency after disposition of the collateral is governed by § 679.504, which in pertinent part provides as follows:

§ 679.504 Secured Party's Right to Dispose of Collater After Default

(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but *every aspect including the method, manner, time, place, and terms must be commercially reasonable . . . . reasonable notification of the time and place of any public sale* or reasonable notification of the time after which any private sale or other intended disposition is to be made *shall be sent by the secured party to the debtor, . . . and,* except in the case of consumer goods, *to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state.*

*Fla.Stat.* § 679.504(3) (1987) (emphasis added).

It should be noted at the outset what is and what is not involved in this present controversy. The matter under consideration does not involve the question of whether or not this particular sale was conducted

in a commercially reasonable manner, which ordinarily would be a condition precedent to the allowability of any deficiency claim under the applicable provisions of U.C.C. as adopted in this state. § 679–504(3). What is involved in this case is first, the right of the Trustee to question Barnett's right to have a deficiency claim allowed on the ground that the Trustee did not receive notice of the sale because of the fact that the Trustee abandoned the property; and second, if so, whether this claim of Barnett was untimely, therefore, should be disallowed.

■ As noted earlier, the Trustee obtained an order authorizing the abandonment of the property involved. The effect of the abandonment is to cast out the property which was formerly the property of the estate. If this occurs, it operates as a relinquishment of all rights by the Trustee in the abandoned property.

Of course, the answer to the question would be different concerning the trustee's right to notice and to question the propriety of the sale if Barnett was merely authorized to liquidate the collateral pursuant to an order which modified or lifted the automatic stay. In this event there is no question that the estate relinquished its right in the subject property and had the liquidation of the collateral produced a surplus, such surplus would be property of the estate. In that case also the Trustee would have a right to a notice of the disposition of the collateral as successor in interest of the Debtor and the corresponding right to challenge the deficiency claim in the event the sale was not conducted in a commercially reasonable manner. However, while all this is true, it has nothing to do with the Trustee's right to object to the allowance of a given claim filed in a case in which the Trustee is in charge.

■ Having concluded that the Trustee has a right and standing to object to the allowability of the claim of Barnett, this leaves for consideration whether or not this particular deficiency claim of Barnett should be disallowed because it was untimely. While ordinarily all claims must be filed in a Chapter 7 case within 90 days from the first date set for the Meeting of Creditors pursuant to Bankruptcy Rule 2003, this Rule has no application if the claim filed is merely an amendment to a previous claim, especially when the Court expressly authorized the filing of such a claim after the disposition of the collateral. This is precisely what occurred in this case. For this reason, the objection of the Trustee is without merit and Claim #7 of Barnett Bank shall be allowed in the amount filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim #7 of Barnett Bank be, and the same is hereby, overruled and Claim #7 is allowed as a general unsecured claim in the amount of $2,400.03.